UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARLES WEISS, as the owner of the sailing yacht  :
SERENGETI,                                        :
                                                  :
                           Plaintiff,             :     08 Civ. 1649 (RMB)
                                                  :
                                                  :     ECF CASE
        - against -                               :
                                                  :
M/V NORWEGIAN MAJESTY, her engines, machinery     :
and other appurtenances, in rem and Norwegian Cruise :
Line, in personam,                                :
                                                  :
                           Defendants.            :
-------------------------------------------------------------------X

## VERIFIED ANSWER

Intervenor, OCEAN VOYAGER LIMITED, and Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, as and for their Answer to the Verified Complaint of Charles Weiss, as the owner of the sailing yacht SERENGETI, allege upon information and belief as follows

1.    Admitted.

2.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Verified Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the Verified Complaint.

4.    Admit that NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line was and still is a corporation or business entity existing under the laws of a foreign country and that on occasion vessels operated by NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line call on the port of New York, deny that NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line was and still is the owner of the M/V NORWEGIAN MAJESTY, and except as so admitted and denied herein, deny

knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 4 of the Verified Complaint.

NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line is a company organized and existing under the laws of Bermuda and was the bareboat charterer and operator of the M/V NORWEGIAN MAJESTY at the time of the collision. At all material times, the M/V NORWEGIAN MAJESTY was, and still is, owned by Intervenor, OCEAN VOYAGER LIMITED, an indirect subsidiary of Star Cruises Limited.

5. Admitted.

6. Admit that that M/V NORWEGIAN MAJESTY was in a collision with the sailing yacht SERENGETI and, except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 6 of the Verified Complaint.

7. Denied.

8. Denied.

9. Admitted.

### FIRST AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If Ocean Voyager Limited, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line and/or the M/V NORWEGIAN MAJESTY are found negligent, which is denied, any such negligence was superseded by the negligence or other wrongful acts of third parties over whom Ocean Voyager Limited, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line and/or M/V NORWEGIAN MAJESTY did not exercise control and for which they are not responsible.

### THIRD AFFIRMATIVE DEFENSE

If the sailing yacht SERENGETI or any other party suffered any damages as alleged in the Verified Complaint, which is denied, said damages were caused in whole or in part by the acts and/or omissions of Plaintiff, or third parties over whom Ocean Voyager Limited, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line and/or M/V NORWEGIAN MAJESTY did not have control and/or for which they are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be barred and/or dismissed pursuant to the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims contained in Plaintiff's complaint are time-barred under the applicable statutes of limitation and/or law applicable to this case.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be barred and/or dismissed under the doctrine of fraud.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be barred and/or dismissed pursuant to the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to recover damages on account of matters stated in the Verified Complaint, which is denied, such damages may be subject to limitation or exclusion under applicable doctrines of law, admiralty and/or equity, including but not limited to the Vessel Owner's Limitation of Liability Act, 46 United States Code §30506 *et seq*. Ocean Voyager Limited, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line and/or M/V NORWEGIAN MAJESTY claim and plead all defenses available to it under such doctrines.

## NINTH AFFIRMATIVE DEFENSE

This Answer is made without waiver of any jurisdictional defenses.

**WHEREFORE**, Ocean Voyager Limited and NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line pray:

    A.    That judgment be entered dismissing the Verified Complaint of Charles Weiss, as the owner of the sailing yacht SERENGETI.;

    B.    For reasonable costs and disbursements;

    C.    For such other further and different relief as this Court may deem just and proper.

Dated: April 10, 2008  
Southport, CT

    Intervenor, OCEAN VOYAGER LIMITED, and  
    Defendant NCL (Bahamas) Ltd. d/b/a Norwegian  
    Cruise Line,

By: _/s/ Patrick F. Lennon_  
Patrick F. Lennon (PL 2162)  
Nancy R. Peterson (NP 2871)  
LENNON, MURPHY & LENNON, LLC  
The Gray Bar Building,  
420 Lexington Ave., Suite 300  
New York, NY 10007  
(212) 490-6050 (Phone)  
(212) 490-6070 (Fax)

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )   ss: SOUTHPORT
County of Fairfield   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am attorney for the Intervenor, Ocean Voyager Limited, and Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, in this action. I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Answer and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not Ocean Voyager Limited and/or NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line is that Ocean Voyager Limited and/or NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line are foreign corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by Intervenor, Ocean Voyager Limited, and Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line and their authorized agents and representatives, all of which I believe to be true and accurate.

Dated: April 10, 2008
       Southport, CT

_____
Patrick F. Lennon

## CERTIFICATION

I hereby certify that on April 10, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Patrick F. Lennon